UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

Case No. 8:08-cv-1863

Wachovia Bank, National Association,

    Plaintiff,

v.

Kenneth Huebner, Hue Investments LLC,
Oscar Monroy, Walter Tommasi, Alberto
Tommasi, Alto International Holdings
Limited, Neil W. Thompson, Silverberg and
Associates, Global Assets Leveraged LLC,
and Oscar Garcia Morrell,

    Defendants.
_____/

## ORDER GRANTING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF

THIS CAUSE came before the Court upon Plaintiff's filing of its Complaint, filed on September 18, 2008, and Plaintiffs' Ex Parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"), filed on September 19, 2008.

UPON CONSIDERATION of the Motion and its attached declarations, the allegations contained in the Complaint and its attached exhibits, and other papers filed therein, this Court finds that Plaintiff, Wachovia Bank, National Association ("Wachovia"), will suffer irreparable harm for which Wachovia has no adequate remedy at law including, but not limited to, the probability that one or more of the Defendants may attempt to transfer sixteen purported promissory notes purportedly signed by Joseph Arnold and/or Richard Melnick as employees of Wachovia Bank, National Association (the "Hue Notes") to third parties.

The Court finds that the uncertainty, time, and expense associated with efforts Wachovia would have to undertake to identify and repudiate the Hue Notes are not easily quantifiable and likely unrecoverable if Defendants are not enjoined from selling, transferring, exchanging, converting, or otherwise using any purported notes that are purportedly signed by Joseph Arnold and/or Richard Melnick as employees of Wachovia Bank, National Association.

It also appears to the Court that one or more of the Defendants are in possession of the Hue Notes. This Court finds that it is in the public interest that the Hue Notes be returned to Wachovia to ensure that they are not sold or transferred to an innocent third party who would believe mistakenly that he or she would be a holder in due course.

The Court has been advised that Defendants Kenneth Huebner, Hue Investments, LLC, Oscar Monroy, Global Assets Leveraged, LLC, Oscar Morrell, and Silverberg and Associates have been given notice of the Motion. The Court finds that it is not practicable to give notice to all parties, some of whom are located outside of the United States, before issuance of this Order.

Therefore, it is hereby

ORDERED AND ADJUDGED

1. That Plaintiff's Motion is GRANTED.

2. Defendants, their officers, directors, agents, servants, employees, and all persons acting in participation or concert with them are hereby enjoined and restrained from selling, transferring, exchanging, converting, or otherwise using any purported notes that are purportedly signed by Joseph Arnold and/or Richard Melnick as employees of Wachovia Bank, National Association.

3. Any Defendant who is in possession of any purported note(s) that is/are purportedly signed by Joseph Arnold and/or Richard Melnick as employees of

Wachovia Bank, National Association, shall return the purported note(s) to Wachovia Bank, National Association, 9775 N. 56th Street, Tampa, Florida 33617.

4. Defendants may move to dissolve or modify such Order at any time upon five (5) days written notice to Wachovia.

5. As a condition to the restraining aspects of this Order, Plaintiff shall post a bond in a form satisfactory to the Clerk in the amount of $*2,000,000*.00 securing Defendants against their costs and damages if it is found that Defendants have been wrongfully restrained. Said security is to be filed within forty-eight (48) hours of entry of this Order.

6. This Order will be in effect until *5:00* a.m./p.m. *SEPT. 26th*, 2008.

DONE AND ORDERED in Chambers in Tampa, Florida, this *19th* day of September, 2008 at *5:00* A.M./P.M.

_____
United States District Judge

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

3